UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------x
                                                                  :

MAROC FRUIT BOARD S.A. and        :
WAFU ASSURANCE S.A.,              :

            Plaintiffs,                    :

v.                                             :      CIVIL ACTION NO.
                                                  :      IN ADMIRALTY

SOCIETÉ MAROCAINE DE             :
NAVIGATION MARITIME d/b/a       :
NAVIMAR, S.A.                              :
            Defendant.                  :
---------------------------------------------------------x

**PLAINTIFFS' COMPLAINT**

NOW COME plaintiffs, Maroc Fruit Board S.A. and Wafu Assurance S.A., by their attorneys, and complaining *in personam* against defendant, Societé Marocaine de Navigation Maritime d/b/a Navimar, S.A., allege as follows upon information and belief:

Jurisdiction and Venue

1.      Subject matter jurisdiction of this Honorable Court is based upon 28 U.S.C. §1333. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b).  This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

The Parties

2.      Plaintiff, Maroc Fruit Board S.A., doing business under the fictitious name M.F.B. (hereinafter referred to as "M.F.B.), is a foreign business entity organized and existing under the laws of Morocco, with its principal place of business located at Agroparc KM5, Route

D'Azemmour dar Bouazza, Casablanca, Morocco.  At all times relevant hereto, M.F.B. was, and still is, the shipper of certain goods described in this Verified Complaint.

3.     Plaintiff, Wafu Assurance S.A. (hereinafter referred to as "Wafu") is a foreign business entity organized and existing under the laws of Morocco, with its principal place of business located at 1 Boulevard Abdelmoumen, Casablanca, Morocco.  At all times relevant hereto, Wafu Assurance was, and still is, the cargo insurer of M.F.B., and is now subrogated, in whole or in part, to the rights of its assured in connection with the subject shipments herein.

4.     Defendant, Societé Marocaine de Navigation Maritime d/b/a Navimar, S.A. (hereinafter "Navimar"), is, upon information and belief, a foreign business entity organized and existing under the laws of Morocco and was at all relevant times the voyage charterer of the motor vessel VINSON, her engines, machinery, tackle, apparel, furniture, equipment, rigging, and all other necessary appurtenances thereto (hereinafter referred to as "Vessel"), which is a Liberian-flagged ocean-going refrigerated cargo ship owned by Agder Ocean Reefer III AS of Norway.

<u>Factual Allegations</u>

5.     At all times relevant hereto, Navimar was the voyage charterer of the motor vessel VINSON.

6.     On or about January 25, 2010, at the port of Agidar, Morocco, plaintiff M.F.B., as shipper, delivered to Navimar and/or owners 282 pallets of fruit in good order and condition.

7.     Thereafter, Navimar and/or owners received, accepted and agreed to transport said cargo for certain consideration from Agidar, Morocco to the port of New Bedford, Massachusetts, there to be delivered in like good order and condition as when shipped to order of said plaintiff's consignee in accordance with the valid terms and conditions of a certain bill of lading then and

there signed and delivered to plaintiff M.F.B. by an authorized agent or representative of defendant Vessel, a copy of which is attached hereto and marked as Exhibit A.

8. On or about January 28, 2010, at the port of Casablanca, Morocco, plaintiff M.F.B., as shipper, delivered to Navimar and/or owners, 715 pallets of fruit in good order and condition.

9. Thereafter, Navimar and/or owners received, accepted and agreed to transport said cargo for certain consideration from Casablanca, Morocco to the port of New Bedford, Massachusetts, there to be delivered in like good order and condition as when shipped to order of said plaintiff's consignee in accordance with the valid terms and conditions of a certain bill of lading then and there signed and delivered to M.F.B. by an authorized agent or representative of defendant Vessel, a copy of which is attached hereto and marked as Exhibit B.

10. On or about January 28, 2010, at the port of Casablanca, Morocco, plaintiff M.F.B., as shipper, delivered to Navimar and/or owners, approximately 671 pallets of fruit in good order and condition.

11. Thereafter, Navimar and/or owners received, accepted and agreed to transport said cargo for certain consideration from Casablanca, Morocco to the port of New Bedford, Massachusetts, there to be delivered in like good order and condition as when shipped to order of said plaintiff's consignee in accordance with the valid terms and conditions of a certain bill of lading then and there signed and delivered to M.F.B. by an authorized agent or representative of defendant Vessel, a copy of which is attached hereto and marked as Exhibit C.

12. On or about January 28, 2010, at the port of Casablanca, Morocco, plaintiff M.F.B., as shipper, delivered to Navimar and/or owners, approximately 671 pallets of fruit in good order and condition.

13.     Thereafter, Navimar and/or owners received, accepted and agreed to transport said cargo for certain consideration from Casablanca, Morocco to the port of New Bedford, Massachusetts, there to be delivered in like good order and condition as when shipped to order of said plaintiff's consignee in accordance with the valid terms and conditions of a certain bill of lading then and there signed and delivered to M.F.B. by an authorized agent or representative of defendant Vessel, a copy of which is attached hereto and marked as Exhibit D.

14.     On February 17, 2010, defendant Vessel arrived in the port of New Bedford, Massachusetts, and thereafter delivered plaintiffs' cargo in a condition damaged by contact to mold and other substances unknown to plaintiffs, or otherwise damaged.

15.     Delivery of plaintiffs' cargo in damaged condition was completed on or about February 21, 2010.

16.     Plaintiffs are entitled to maintain this action as the shippers, consignees, owners and/or insurers of the subject cargo, and otherwise have a proprietary interest in the cargoes described above, and bring this action on their own behalf and for the interests of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear.

17.     Plaintiffs have duly performed all the conditions precedent on their parts to be performed under the terms of the aforesaid bills of lading.

First Cause of Action
(Contract)

18.     Plaintiffs repeat and reiterate the allegations contained in Paragraphs 1 through 18 of this Complaint with the same force and effect as if set forth fully herein.

19.     Said transit damage resulted from the breach by defendant Navimar of its agreements and warranties, both express and implied, to secure, load, stow, carry and/or otherwise care for the said cargo, and discharge and deliver same to plaintiffs' consignee in like good order and

condition as when received by it for shipment.

20. By reason of the aforesaid premises, defendant Navimar breached its duties to plaintiffs and was otherwise at fault.

21. As a direct and proximate result of the foregoing, plaintiffs have sustained damages in the amount of USD $4,076,525.95, as nearly as the same can now be estimated, no part of which has been paid although duly demanded.

Second Cause of Action
(Tortious Property Damage)

22. Plaintiffs repeat and reiterate the allegations contained in Paragraphs 1 through 21 of this Complaint with the same force and effect as if set forth fully herein.

23. Said transit damage resulted solely from the negligence of defendant Navimar to secure, load, stow, carry and/or otherwise care for the said cargo, and discharge and deliver same to plaintiff's consignee in like good order and condition as when received by them for shipment, with no fault or negligence of plaintiffs contributing thereto.

24. By reason of the aforesaid premises, defendant Navimar breached its duties of care to plaintiffs and was otherwise at fault.

25. As a direct and proximate result of the foregoing, plaintiffs have sustained damages in the amount of USD $4,076,525.95, as nearly as the same can now be estimated, no part of which has been paid although duly demanded.

WHEREFORE, plaintiffs pray that this Honorable Court adjudge as follows:

(i) That plaintiffs claims be adjudged a valid and enforceable against defendant, Societé Marocaine de Navigation Maritime d/b/a Navimar, S.A., and an *in personam* judgment enter in its favor against the defendant Societé Marocaine de Navigation Maritime d/b/a Navimar, S.A. for the full amount of

its liquidated and unliquidated damages, together with interest, costs and expenses, including reasonable attorneys' fees and costs of suit, and other damages which may be shown at trial; and

(ii) That plaintiffs have such other and further relief as this Honorable Court and justice may deem just and appropriate under the circumstances.

Dated: February 18, 2011

Respectfully submitted,

MAROC FRUIT BOARD S.A. and
WAFU ASSURANCE S.A.

By their attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Bradley F. Gandrup, Jr.
Bradley F. Gandrup, Jr.
(BBO No. 549794)
Samuel P. Blatchley
(BBO No. 670232)
180 South Main Street
Providence, Rhode Island 02903
Tel. (401) 861-8200
Fax (401) 861-8210

### Certificate of Service

A copy of the foregoing Complaint was filed and served electronically on all counsel of record through the Court's ECF system on February 18, 2011.

/s/ Bradley F. Gandrup, Jr.
Bradley F. Gandrup, Jr.

1337641_1/9472-2